**In the Matter of the RECEIPT OF FEE BY William G. SMITH in Case No. 90–58.**

**No. 91–2041.**

United States Court of Veterans Appeals.

Aug. 6, 1992.

Before NEBEKER*, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS* and STEINBERG*, Associate Judges.

**ORDER**

PER CURIAM.

On November 11, 1991, petitioner, William G. Smith, Esq., filed a motion for appropriate relief. The Secretary of Veterans Affairs (Secretary), in turn, filed a response. Petitioner then filed motions for augmented sanctions, for other appropriate relief, for oral argument, and for en banc hearing. The Secretary filed a response,

pursuant to U.S.Vet.App.R. 21(c), on June 12, 1992.

On consideration of the foregoing, it is

ORDERED, by the panel (denoted by *), that petitioner's motion for appropriate relief, for augmented sanctions, for other appropriate relief and for oral argument are denied since petitioner incurred no cognizable injury. It is further

ORDERED, by the full court, that petitioner's motion for en banc hearing is denied.

Statement of STEINBERG, Associate Judge, concurring:

I concur in the en banc decision not to grant petitioner's motion for en banc review of the panel's denial of the motions for augmented sanctions and appropriate relief.

I also concur in the panel's decision to deny the petitioner's motions because I do not interpret the denial as foreclosing the panel from accepting the invitation of both petitioner and the Secretary for the Court to exercise its authority and jurisdiction, under 38 U.S.C. § 7263(c), (d) (formerly § 4063) to review the attorney-fee agreement relating to representation before the Court in the underlying case of *Jones (McArthur) v. Derwinski*, No. 90–58. For the reasons stated in my concurring opinion in *In re Agreement of William G. Smith in Case Number 90–58*, 1 Vet.App. 492, 500–01 (1991), I believe that the Court should carry out the requested review of the fee agreement. As far as I am aware, this is the first case in which both the appellant's attorney and the Secretary have requested review of the fee agreement for representation in this Court. Although the Secretary has suggested that this review be carried out by the Court en banc, his reasoning is also worth noting in terms of the desirability of panel review:

> The Secretary would contend, however, that *en banc* review [of the fee agreement] is appropriate, not because of any contentions raised by Petitioner, but because orders made by the Court pursuant to 38 U.S.C. § 7263(d) are unreviewable in any other Court. Since in this limited area of Court review there is no possibility for an appeal to the Court of Appeals for the Federal Circuit, the Court might wish to squarely address this issue after consideration *en banc*.

Response to Petition at 34.